UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
Boston Division

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

Civil Action No. _____

Jonathan Rivera,
Plaintiff,

vs.

Commissioner Carol Mici
Defendant,
(In her official Capacity).

1. JURISDICTION & VENUE

This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law of rights secured by the Constitution of Massachusetts and of the United States Constitution ("U.S.C.").

This Court has Jurisdiction pursuant to 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff's claims for Injunctive Relief is authorized by 28 U.S.C. Section 2283 and 2284, and Rule 65 of the Federal Rules of Civil Procedure ("Fed. R. of Civ. Pro.").

Pursuant to 28 U.S.C. Section 1391(b)(2) this District's Court is the appropriate Venue for this action.

1

## II. PARTIES

Plaintiff:

Jonathan Rivera (hereinafter referred to as "Mr. Rivera"), inmate number W99979, is a convicted State inmate with the Massachusetts Department of Corrections. At all relevant times in this action Mr. Rivera has been in the lawful custody of Commissioner Carol Mici (hereinafter referred to as "Def. Mici"). The Plaintiff currently resides at the following institution and address:

> Souza Baranowski Correctional Center
> One Harvard Road, P.O. Box 8000
> Shirley, Massachusetts 01464.

Defendant:

Carol Mici is the Commissioner for the Massachusetts Department of Corrections and she is the custodian of Mr. Rivera's habeas corpus (person holding body) and is the final authority of the "Inmate Discipline" Procedure under 103 CMR 430.00. Her work of place address is at the following address:

> Massachusetts Department of Corrections
> Headquarters
> 50 Maple Street, Ste 3
> Milford, Massachusetts 01757

|2

## II. FACTS

1. On the 23rd of February, year 2022, an institutional Hearing Officer for the Massachusetts Department of Corrections ("Department") found Mr. Rivera to been guilty of a serious institutional infractions under the Department's Governing Procedure for inmate disciplinary actions of 103 CMR 430.00 Inmate Discipline.

2. Pursuant to 103 CMR 430:00 Inmate Discipline (01) Purpose: 103 CMR 430.00 establishes a fair and impartial system Governing Massachusetts Department of Corrections Inmate disciplinary Proceedings. The Process is intended to serve as a method of maintaining order in the institutions while encouraging Positive inmate behavior change.

3. The disciplinary Process allows Prison officials to Punish inmates according to established "Sanctions", including but not limited to Placement in segregation; loss of telephone use; loss of Physical Contact via visitation with family; and loss of Good time.

4. The severity of behaviors are categorized in sections 1, 2, 3, and 4; with those established in category 1 being the most severe of inmate behaviors or violations to Prison rules.

3

[... cont'ing FACTS]

5. Mr. Rivera was found guilty of Category 1/08 Possession, manufacture, or introduction of any gun, firearm, weapon, sharpened instrument, knife or poison or any component thereof.

6. A disciplinary report generated by an investigator, IPS Lieutenant Christopher Phelps, at NCCI-Gardner, reported:

   [While] "... conducting a search of cell #N27 in A1 housing unit which belongs to inmate RIVERA. While searching RIVERA's assigned cell stand-up locker, I found a purple, plastic toothbrush, that was sharpened to a point and approximately 5 inches in length... RIVERA was subsequently placed in the Restrictive Housing Unit."

   This event is reported to have occurred on January 24, 2022.

7. Mr. Rivera exercised his right to present a defense and attempted to introduce exculpatory evidence by requesting review of the security video footage to prove another individual may have put the "sharpened instrument" in Mr. Rivera's assigned housing area and to question witnesses.

8. The institutional disciplinary officer (a partial staff member) deemed the evidence request as "irrelevant" to the action. It is obvious as to why this evidence would have been relevant.

9. However, this is the point of Mr. Rivera bringing this Action on this instant Complaint. The lack of impartiality of the inmate disciplinary Process, as set out in 103 CMR 430.00, causes inmates — including Mr. Rivera — subjection to cruel and unusual punishment and violation to their due process rights because while there is exculpatorial or other favorable evidence for an accused inmate he will not be able to successfully obtain that evidence via the prison official (disciplinary officer — who is not the Hearing Officer) who is not considered a procedurally-impartial official.

10. This being, the lack of impartiality on obtaining favorable evidence has caused Mr. Rivera to be subjected to cruel and unusual punish because as a result Mr. Rivera was removed from the ammunities of General Population and Placed in Segregation, loss telephone access to his family and friends, transfer to a maxium security Prison; and mental anguish from those punishments.

11. In addition to the Procedent's impartiality, or the lack thereof, Mr. Rivera — and other inmates who has been or will be subjected to the disciplinary hearing process statements (of defense) will never outweigh the truthful and credibility of any staff member.

5

12. Pursuant to 103 CMR 430.00 (14)(5) "FACT FINDINGS ASPECTS OF A HEARING OFFICER"[1] If an inmate request the presence of the Reporting Officer [or even if he does not], the Hearing Officer may accept the reporting staff person's statement in the report as true, provided that the report is based on the staff person's eye-witness account or other personal knowledge and is otherwise credible. [...]

13. Collectively and when considered with the claims of the precedent lack of impartiality, the subsection or article is a complete unfair and partial process that would almost everytime subject inmates — as it has to Mr. Rivera — to the cruel and unusual punishment because there will particularly be no favorable due process for the accused, because a staff member, especially a ranking staff member or investigator's report will always be "accepted as true... and credible" over the word of a convict, and the inmate will not be able to petition favorable evidence of any kind through the partial disciplinary officer — to which will be deemed "irrelevant."

---

[1] Although this subsection and article includes "[...] the Hearing Officer is not required to accept it (report) as true" Mr. Rivera will offer overwhelming evidence showing this is never proceeded.

|6

14. For example, in Mr. Rivera's case he was reported to have had a "sharpened toothbrush to a point" in his "stand-up locker." (1) Mr. Rivera filed a timely request for evidence with the disciplinary officer to have the video footage of the area of the "stand-up" to prove another inmate planted the "sharpened toothbrush" in his assigned area if an instrument was in fact found, (2) any staff or inmate with knowledge to the events leading up to incident to question the persons with any knowledge, and (3) DNA testing on the instrument. All request were denied and/or considered irrelevant by the partial staff responsible for gathering and presenting Mr. Rivera and the Hearing Officer with. Next, the reporting staff member, who was a high ranking investigator with the Inner Perimeter Security Unit, testified at the hearing the sharpened instrument was not found in the stand-up locker location but in another location not originally mentioned in the report. Finally, the staff member testified it was very well possible another inmate could have placed the instrument in Mr. Rivera's assigned area because the area was not otherwise secured with Mr. Rivera's lock. According to, and as the Hearing Officer concluded in his guilty finding writings, the reporting officer testimony and report was found to been true and credible according to the subjection mention previously in this action.

|7

15. Therefore, the specific subsection as to the credibility of a reporting staff member being automatic under 430.14(5) should be removed completely as unconstitutional and unfair allowing the weight of both the inmate and staff be determined as true and credible by the Hearing Officer at the actual hearing after the facts are disputed by both parties. Not as having the inmate's facts and defense to be deemed not credible and untrue because his word and evidence is against that of a staff who is quite frankly deemed as credible and true on the face of their official authority and reporting.

16. Just as the same, Mr. Rivera — and inmates who may been or have been — was subjected to no adequate due process because evidence requested in favor of the accused will never been discovered or admitted because the individual personnel responsible for obtaining the evidence is a Procedural-Partial Party to the inmate discipline process. Thus, conflicting 103 CMR 430.00 (01) Purpose that "establishes a fair and impartial ___ process." SEE PAGE 3 of 2 of this Complaint.

8

17. Therefore, to correct and seek relief for his past subjection to cruel and unusual punishment and denial of due process; and to prevent any further violations to his civil rights through his disciplinary process - if ever applicable again, Mr. Rivera seeks relief from this Court.

18. Pursuant to 103 CMR Inmate Discipline "Applicability" [...] 103 CMR 430.00 <u>is not intended to confer any procedural or substantive rights not otherwise granted by State or Fed-law.</u>

IV. EXAUSTION OF ADMINISTRATIVE REMEDY

19. Mr. River appealed his disciplinary related contentions to the highest level of appellate review. On the **10** of March, 2022 that appeal was denied. SEE COMPLAINT ATTACHMENT NO. 1.

V. LEGAL CLAIMS

20. Defendant Mici has acted and continue to under color of State law by implimenting and failing to correct, amend, and/or remove subsection 430.00(14)(5) and to employ impartial disciplinary officers.

21. As a result, Mr. Rivera and other inmates constitutional and Procedural due process rights under the 14th Amendment and cruel and unusual punishment prohibition are violated under the 8th Amendment to the United States Constitution.

## VII. INJURIES

22. Loss of $2,000 for retention of Private counsel for representation at Disciplinary Hearing

23. Cruel and Unusual Punishment and emotional distress by placement in segregation

24. Emotional distress by not being able to contact family for emotional and mental support due to phone restriction sanction.

## VI. RELIEF

25. $2,000 in attorney fee recovery cost
26. Recovery of fees associated with this action and filing cost
27. DIRECTIVE and/or Declaratory Relief to Defendant Mici of the unconstitutionality of the disciplinary process claims in this action and to rectify such claims.

IX.   CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.   FOR PARTIES WITHOUT AN ATTORNEY

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing: April 13, 2022

Signature of Plaintiff: _____
Printed Name of Plaintiff: Jonathan Rivera
Prison Identification #: W99979
Prison Address: Souza Baranowski Correctional Center
One Harvard Road, P.O. Box 8000
Shirley        MA        01464
City           State     Zip Code